IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

STEPHEN P. KELLY,

                            CAUSE NO. CV 08-94-M-DWM-JCL
            Plaintiff,

                            ORDER, and
      vs.                   FINDINGS AND RECOMMENDATION
                            OF U.S. MAGISTRATE JUDGE
BERNICE HUNT,

            Defendants.

_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

     Plaintiff Stephen Kelly has filed a Complaint together with
a request to proceed *in forma pauperis*.  Kelly submitted a
declaration that makes the showing required by 28 U.S.C. §
1915(a).  Because it appears Kelly lacks sufficient funds to
prosecute this action **IT IS HEREBY ORDERED** that Kelly's Motion to
Proceed In Forma Pauperis is **GRANTED.**  This action may proceed
without prepayment of the filing fee, and the Clerk of Court is
directed to file the Complaint as of the filing date of Kelly's
request to proceed *in forma pauperis.*

     The federal statute under which leave to proceed in forma
pauperis is permitted also requires the Court to conduct a

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

preliminary screening of the allegations set forth in the

Complaint.  The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof,
> that may have been paid, the court shall dismiss the case at
> any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (I) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be
>>> granted; or
>>>
>>> (iii) seeks monetary relief against a defendant
>>> who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Accordingly, the Court will review

Kelly's Complaint to consider whether it can survive dismissal

under these provisions.  *See Huftile v. Miccio-Fonseca*, 410 F.3d

1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

Kelly filed his Complaint for Declaratory Judgment and

Injunctive Relief on July 1, 2008.  The subject of this action

involves Kelly's cat which Defendant Bernice Hunt allegedly

refuses to return to Kelly.  Therefore, Kelly filed this action

in an attempt to secure the return of his cat from Hunt, and on

July 9, 2008, Kelly also filed a Motion for Temporary Restraining

Order and/or Preliminary Injunction requesting the Court order

Hunt to return his cat.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE – PAGE 2

Kelly states he needs his cat for medical reasons.  Kelly advises he suffers from depression and that he has a medical prescription from a physician directing that he have full-time possession of his "service cat" as treatment for his condition.

Bernice Hunt is apparently a private citizen residing in Helena who employed Kelly for a period of time on her property in Helena.  Based on the demands of the employment with Hunt, however, Kelly decided he was unable to continue his employment with her.

After Kelly decided to discontinue his employment with Hunt he asked her to give him a ride to St. Patrick's Hospital in Missoula.  Hunt drove Kelly to the hospital, but she demanded that he pay her for repairs she needed to make to her vehicle. Kelly refused to pay Hunt, so she returned to Helena in her vehicle.

When Kelly left his employment with Hunt, he apparently left his service cat at Hunt's residence.  Kelly requested that Hunt permit him to return to her residence to retrieve his cat. Although Hunt knew Kelly needed his service cat for medical reasons, Hunt refused to allow Kelly to return to get his cat. Hunt advised Kelly she would keep his cat unless he agreed to pay her for transporting him to St. Patrick's Hospital, and unless he agreed to return to work for her.  Hunt has refused to allow Kelly to return to her property to retrieve his cat, and Hunt has

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

advised Kelly she would have him arrested and charged with
trespass if he came to her property.

Kelly alleges he is entitled to declaratory and injunctive
relief for the return of his cat.  He alleges Hunt acted with
deliberate indifference to his serious medical condition.

## III.  DISCUSSION

Because Kelly is proceeding *pro se* the Court must construe
his pleading liberally, and the pleading is held "to less
stringent standards than formal pleadings drafted by lawyers[.]"
*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v.
Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has
authority to dismiss a defective pleading pursuant to 28 U.S.C. §
1915(e)(2),

> a district court should grant leave to amend even if no
> request to amend the pleading was made, unless it determines
> that the pleading could not possibly be cured by the
> allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe
v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Kelly's Complaint must set forth sufficient allegations to
invoke the jurisdiction of this Court.  Fed. R. Civ. P. 8(a)(1).

> Federal courts are courts of limited jurisdiction.  They
> possess only that power authorized by Constitution and
> statute[.]... It is to be presumed that a cause lies outside
> this limited jurisdiction,... and the burden of establishing
> the contrary rests upon the party asserting jurisdiction[.]

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 4

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted).  A plaintiff in any civil action bears the burden of proof for establishing jurisdiction.  *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).  A district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship, 28 U.S.C. § 1332, a federal question, 28 U.S.C. § 1331, or cases in which the U.S. is a party, 28 U.S.C. §§ 1345 and 1346.

Kelly's allegations attempt to establish the existence of a claim under the laws or Constitution of the United States which would provide federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.  Kelly alleges Hunt acted with deliberate indifference to his serious medical need for his service cat.  Such allegations include legal terms of art which, under the proper circumstances, state a claim for relief under either the Eighth Amendment or the Fourteenth Amendment to the United States Constitution.  *See also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (Eighth Amendment) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997), and

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 5

*Redman v. County of San Diego*, 942 F.2d 1435, 1440-41, 1443 (9th Cir. 1991) (Fourteenth Amendment).

To pursue a claim for a violation of right protected by the United States Constitution a plaintiff's claim must satisfy the requirements of 42 U.S.C. § 1983.  Section 1983 is a vehicle through which a plaintiff may assert federal claims against a state actor and it provides as follows:

> To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.

*Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).

Kelly's attempted claim under 42 U.S.C. § 1983, however, is defective because § 1983 requires that the defendant must be a person acting under color of state law.  Significantly, the Amendments to the United States Constitution do not prohibit acts of private persons, *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461-62 (1952), however discriminatory or wrongful the acts may be.  *District of Columbia v. Carter*, 409 U.S. 418, 423 (1973).  Hunt is a private citizen, and Kelly does not allege she is an employee of the State of Montana, or that she acted under any authority of law of the State of Montana.  Consequently, Kelly's allegations which attempt to advance a claim under § 1983 fail to state a claim on which relief may be granted, and fail to

provide a basis for federal subject matter jurisdiction over this case under 28 U.S.C. § 1331.

The Court also finds diversity of citizenship jurisdiction does not exist in this case under 28 U.S.C. § 1332.  Diversity jurisdiction requires that the action must be between citizens of different states, and it must involve a matter in controversy which exceeds the value of $75,000.  28 U.S.C. § 1332(a)(1).

First, Kelly does not allege that he and Hunt are citizens of different states.  Instead, the addresses he provided the Court for both himself and for Hunt are a Helena, Montana addresses.

Second, in addition to the absence of diverse citizenship, Kelly does not place any dollar value on his case, and there is no indication from the allegations that the value would exceed $75,000.  "Generally, the amount in controversy is determined from the face of the pleadings[,]" as long as the sum claimed by the plaintiff is made in good faith.  *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).  If it appears to the Court to a legal certainty that the amount of the claim is really less than the jurisdictional amount, then the Court has authority to dismiss the case for lack of jurisdiction.  *Id.*  *See also Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004).

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 7

Again, by this action Kelly seeks only to secure the return of his service cat.  Kelly requests only declaratory or injunctive relief, and he does not request any monetary compensation.  Therefore, Kelly's Complaint does not set forth "a short and plain statement of the claim showing that the [Plaintiff] is entitled" to relief in excess of $75,000 as required by Fed. R. Civ. P. 8(a)(2) and 28 U.S.C. § 1332. Therefore, the Court concludes it is apparent, to a legal certainty, that Kelly's claim for relief is really less than the requisite jurisdictional amount.

Kelly's Complaint does not provide any other basis for federal jurisdiction over this action.  The Court also finds these jurisdictional defects could not be cured by an amended pleading.

The Court notes that Kelly's dispute with Hunt is purely local in nature.  Although it is not clear Kelly has any viable legal claims against Hunt, if any claims exist they could only be for a violation of the laws of the State of Montana.  Any claims under Montana law are more appropriately addressed by the courts of the State of Montana.

Therefore, based on the foregoing, the Court hereby enters the following:

**RECOMMENDATION**

1.  Kelly's Complaint should be **DISMISSED** for lack of jurisdiction.

2.  Kelly's Motion for Temporary Restraining Order and/or Preliminary Injunction should be **DENIED** as rendered moot by the recommended dismissal for lack of jurisdiction.  A district court lacks subject matter jurisdiction over a preliminary injunction request in the absence of a viable complaint filed on the subject matter of the request for injunctive relief.  *See Williams v. State University of New York*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986).

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 17th day of July, 2008.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 9